EWELL CRUSE *v.* W. B. CLEMENTS.

**Parol Evidence, to Contradict Writing.**

> Where an answer denies that the writing sued on, had any legal or binding force, and such defense is relied on, parol evidence as to the terms, etc., of the writing are admissible.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

June 3, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The answer in effect avers that the bill of sale was not intended by the parties to evidence a sale of the slave to appellee, but was intended to lull and quiet the slave, and place him in the possession of appellee till appellant could make some positive and satisfactory disposition of him, and puts in issue whether there was any consideration even for the pretended or asserted claim for $800.

It is contended that parol evidence is not competent to contradict the writing. If that principle was applicable to this case, the parol evidence was not objected to, and unless it was objected to, its admission is no available error for reversal.

Upon the issue of fact raised by the pleadings, the evidence was to some extent conflicting, and irreconcilably so on any other theory than that the transaction was not in fact what it is represented by the bill of sale to have been.

After the parol evidence was heard without objection from appellant the court properly refused to give the peremptory instruction asked by him. But we are not prepared to say that the parol evidence was not competent, the answer denied that the writing had any legal or binding force, and where such defense is relied upon, parol evidence is admissible. Nor was the instruction given on motion of appellee erroneous because the effect of the qualification, was that if the jury believed from the evidence that the transaction was to enable the appellee to retain the slave for the benefit of appellant until he could dispose of him by impressing the slave with the belief that he was sold to appellee, they should find for defendant and this was proper under the pleadings and proof.

Miss Cruse was in the town of Marion where the case was tried before the evidence was closed, and perhaps before Clements whom she would contradict, has concluded his testimony, and no reason was shown and no excuse offered for not then introducing her.

The other witness, J. W. Cruse, was examined as a witness in the case by appellant on the same points to which his evidence, since discovered, relates, and it was appellant's duty to have him examined as to his whole knowledge on the subject about which

he was testifying, and the evidence of the other witness is only corroborative of the evidence of the other witness examined by appellant and in conflict with the evidence introduced by appellee, and not a character that would certainly, and most probably change the result on another trial. If it was improper to permit the witness Clements to testify to a conversation with Mrs. Cruse, the poison was extracted by the direction of the court to the jury that they would regard only so much of that testimony as they might believe was heard by plaintiff.

Perceiving no error, therefore the judgment is *affirmed*.

*Marble, Bush,* for appellant.
*Spalding, and Chapeze, Hughes & Lockett,* for appellee.